# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Brief December 16, 2014

## STATE OF TENNESSEE v. REGINALD PERRY DAVIS LASHLEY

**Direct Appeal from the Circuit Court for Williamson County**
**No. II-CR064994      Timothy L. Easter, Judge**

---

**No. M2014-00733-CCA-R3-CD - Filed February 27, 2015**

---

The defendant, Reginald Perry Davis Lashley, appeals the revocation of his probationary sentence. The defendant pled guilty to two counts of criminal attempt to deliver a controlled substance, to wit ecstasy, and received an effective six-year sentence, which was suspended to supervised probation following service of one year in incarceration. Subsequently, a violation warrant was issued alleging that the defendant had violated the terms and conditions of his probation by being arrested for DUI, using intoxicants to excess, failing to report the new arrest, and failing to verify payment of costs and fines. Following a hearing, the trial court found the defendant had violated the terms and conditions of his probation and ordered that the balance of the sentence be served in incarceration. On appeal, the defendant contends that the decision to revoke was not supported by sufficient evidence. Following review of the record, we conclude that the trial court did not abuse its discretion in revoking the defendant's probation. As such, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which THOMAS T. WOODALL, P.J. and ROBERT W. WEDEMEYER, J., joined.

M. James Pulido, Assistant Public Defender, Franklin, Tennessee, for the appellant, Reginald Perry Davis Lashley.

Herbert H. Slatery, III, Attorney General and Reporter; Clarence E. Lutz, Senior Counsel; Kim Helper, District Attorney General; and Sean B. Duddy, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

**Procedural History**

In June of 2010, the defendant was indicted by a Williamson County grand jury for two counts of Class B felony delivery of a Schedule 1 controlled substance and one count of Class E felony delivery of a counterfeit controlled substance. In December, 2011, the defendant pled nolo contendere to two counts of Class C felony attempt to deliver a controlled substance, to wit ecstasy, and the remaining charge was nolled. Pursuant to the plea agreement, the defendant was also fined $3000.00 for each conviction, with a schedule of payment to be determined by his probation officer. The terms of the probationary agreement provided that the defendant agreed to obey all laws and ordinances and to refrain from using any form of intoxicants to excess. The agreement also provided for random drug testing.

On April 9, 2013, a violation warrant was issued charging that the defendant had violated four of the terms and conditions of his probation: (1) a new arrest for DUI on March 24, 2013; (2) consumption of intoxicants to excess; (3) failure to report the new arrest to his probation officer; and (4) failure to verify payment of costs and fines. A hearing was held in March 2014 at which multiple witnesses offered testimony.

The first witness, Officer Balin Barber, with the Columbia Police Department, testified that on March 24, 2013, he was on patrol during the early morning hours and observed a gray Toyota fail to stop at a stop sign. He could not recall whether it was a "rolling stop" or a "no stop" at all violation. Officer Barber pulled out behind the car, turned on his blue lights, and initiated a traffic stop. After a short distance, the car pulled to the side of the road, nearly hitting a curb while doing so. Office Barber approached the car, which the defendant was driving, and smelled a strong odor of burnt marijuana coming from the vehicle.

As a result, Officer Barber asked the defendant to step outside the vehicle. Upon the defendant exiting, the officer noted that the defendant's eyes were bloodshot, his speech was slurred, and he was unsteady on his feet. The defendant denied possessing or smoking any marijuana. A search of the defendant's person revealed no marijuana or other contraband. However, the passenger in the car was found to be in possession of a marijuana blunt.

Officer Barber also noticed a strong smell of alcohol on the defendant's breath. Although initially denying it, the defendant admitted that he had a drink at the Muddy Beaver Bar earlier. He eventually stated to the officer that he had consumed "two shots" of tequila.

As a result, Officer Barber asked the defendant to take field sobriety tests, which the defendant agreed to do. The officer acknowledged that he failed to inquire into any physical or medical issues which might influence the defendant's performance of these tests.

Officer Barber testified that the defendant missed six of eight clues on the "nine-step walk and turn test" and performed poorly on the "HGN," the "Romberg A, B. C's," "finger dexterity," and "finger-to-nose." On the "one-legged stand," the defendant missed only one of the four clues. When questioned about the specifics of the defendant's performance, Officer Barber testified that he recalled only "bits and pieces" of the actual stop and was relying upon his notes to refresh his recollection.

The defendant was arrested for DUI, and his car was searched. A half-empty half-gallon bottle of tequila was found behind the driver's seat. As part of the arrest, Officer Barber informed the defendant of the consequences of refusing a blood test. The defendant, nonetheless, refused.

The defendant's probation officer, Gina Caldiraro, also testified at the hearing. She stated that she began managing the defendant's case in July of 2012 but that during the period of the defendant's arrest and violation, she was on medical leave. She testified that the violation was handled by her supervisor. She also gave testimony that the defendant had paid only $650.00 toward his fines and costs of $7451.41, and the payments were made only after his arrest for the probation violation. She did acknowledge that the defendant had been subject to random drug tests and that he had passed each one during her supervision of him.

While Ms. Caldiraro had no personal knowledge of the actual events surrounding the violation, she testified that her supervisor had placed notes in the file that the defendant had failed to report his arrest. She admitted she could not specifically state if the defendant had tried to contact her directly, unaware that she was on leave, or whether her supervisor had checked Ms. Caldiraro's voicemail.

The final witness to testify was the defendant. According to the defendant, he had left work that evening and gone to pick up a friend who needed a ride. The two went to the Muddy Beaver Bar, although the defendant gave contradictory testimony as to how long the two remained at the bar. On the stand, the defendant acknowledged that he had one shot of tequila prior to leaving the bar shortly before he was stopped by the police.

The defendant emphatically denied that he had run the stop sign as Officer Barber claimed. He also stated that Officer Barber followed him for three to four blocks and that there was no abnormality in his driving during that time. He did acknowledge almost hitting the curb when he pulled over, but he testified that the decorative curbs were new to the area

and that he had not noticed them previously. He denied that he was impaired and felt he "did pretty well" on the field sobriety tests he performed. The defendant also testified that what the officer claimed was slurred speech was simply his normal speech pattern.

The defendant testified that he intended to continue making payments toward his fines and costs. He stated that he intended to do this despite his other financial obligations, including arrearages in child support. With regard to reporting his arrest, the defendant testified that he was arrested on Saturday, released on Sunday, and reported the new arrest via voicemail to Ms. Caldiraro on Tuesday. He also noted that the DUI and implied consent violation charges were still pending before the court and that he intended to pursue a trial on those charges.

After hearing the evidence presented, the trial court found that the defendant had violated the terms and conditions of his probation. The court revoked probation and ordered the defendant to serve the balance of his sentence in incarceration. The defendant has now filed timely notice of appeal challenging that decision.

**Analysis**

On appeal, the defendant challenges the trial court's revocation of his probationary sentence. The defendant claims that the evidence is insufficient as a matter of law for the court to have found he violated his probation by driving while intoxicated or using intoxicants to excess. He also challenges the trial court's finding with regard to failure to pay fines and costs because the court failed to assess the defendant's ability to pay.

A trial court may revoke probation and order the imposition of the original sentence upon a finding by a preponderance of the evidence that the defendant has violated a condition of his or her probation. T.C.A. §§ 40-35-310, -311 (2010); *State v. Kendrick*, 178 S.W.3d 734, 738 (Tenn. Crim. App. 2005) (citing *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991)). On appeal, this court will not disturb the trial court's ruling absent an abuse of discretion. *State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001) (citing *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991)). To establish an abuse of discretion, the defendant must show that there is no substantial evidence in the record to support the trial court's determination regarding the probation violation. *Id*. Proof of a violation does not need to be established beyond a reasonable doubt. *State v. Milton*, 673 S.W.2d 555, 557 (Tenn. Crim. App. 1984). Rather, if the trial court finds by a preponderance of the evidence that a violation has occurred, the court may revoke the probation and suspension of the sentence. T.C.A. § 40-35-311(e). In a probation revocation hearing, the credibility of witnesses is to be determined by the trial court. *Mitchell*, 810 S.W.2d at 735.

Once the court has determined a violation of probation has occurred, it retains the discretionary authority to order the defendant to: (1) serve his or her sentence in incarceration; (2) serve the probationary term, beginning anew; or (3) serve a probationary period that is extended for up to an additional two years. *State v. Hunter*, 1 S.W.3d 643, 647 (Tenn. 1999); *see also* T.C.A. §§ 40-35-308, -310, -311. The determination of the proper consequence of the probation violation embodies a separate exercise of discretion. *State v. Reams*, 265 S.W.3d 423, 430 (Tenn. Crim. App. 2007).

In its oral ruling from the bench, the trial court found as follows:

> The violation of probation warrant that was signed by Judge Binkley on the 9th of April, 2013, alleges that the defendant has violated probation for failing to keep probation rule number one, . . . that he was arrested on the 24th of March, 2013, and charged with DUI and a violation of implied consent. That being a violation of rule number one which says I will obey the laws of this United States or any state in which I'm [sic] may be as well as any municipal ordinances.

> Based upon the testimony of the officer this afternoon, the Court is satisfied that a preponderance of the evidence supports that this defendant did violate number one by violating a law of the State of Tennessee, that law being driving under the influence of an intoxicant.

> As it related to violation of rule number two, that the defendant was released on bond for the charges and failed to report the arrest to his probation officer, the Court finds that the State has failed to establish that violation by preponderance of the evidence.

> As it relates to probation violation rule number eight that he will not use intoxicants of any kind in excess or have in his possession any narcotic drugs or marijuana, I find that the preponderance of the evidence based upon the police officer's testimony supports that he had used an intoxicant to an excess.

> And finally as it relates to violation of rule nine which requires a probationer to pay all required fees to the supervisions and criminal indigency funds unless waived by the appropriate authorities and to pay all imposed fines, court costs and restitutions, that at the time of the warrant he had paid zero to his obligations to the court in Williamson County on fines, court costs and restitution. I don't know if there was any restitution involved in this case, but he has failed to keep that promise set forth in rule number nine of his

probation order.

I, therefore, find that the preponderance of the evidence supports that [the defendant] has violated his probation in case number CR064994, and that the preponderance of the evidence supports such a finding.

Looking at his judgment that was entered by this Court on the 12th of December, 2011, the defendant pled guilty to two counts attempted delivery of ecstasy, being a class C felony and received a sentence of six years for each count as a standard range one offender to run concurrent, one with the other, and a $3,000 fine in each case for a total of $6,000 in fines.

The sentence was suspended after the service of 365 days to state probation meaning that he still owes five years on this six-year sentence.

. . . .

The State has entered as part of its proof in this case a post-sentence report that was filed on July 12th, 2012, which - - which is Exhibit 1 to today's hearing. It evidences that this defendant, in addition to two counts of attempt to deliver Ecstasy [h]as previously been convicted of possession of drugs in the Williamson County General Sessions Court on September the 8th or excuse me the offense - - disposition date was November the 4th, 2008. He's being convicted of simple possession and received a sentence of 11 months and 29 days at 75 percent and that's General Sessions case number 32471.

According to this report that's been entered as Exhibit 1, the post-sentence report, the defendant violated his probation on November the 4th, 2008, a probation violation and he was ordered to flatten or serve his sentence which he did flatten.

Based upon that evidence as well as the evidence for the Court today that he has violated probation in this matter, the Court finds that measures less restrictive than confinement have frequently or recently been applied unsuccessfully to this defendant and, therefore, the appropriate thing for this Court to do is to require that he serve his sentence which he promised that he would do when he entered this plea back in front of me in December of 2011.

## I. DUI and Excessive Use of Intoxicant

First, the defendant argues that the trial court erred in concluding that the evidence was sufficient to support finding a violation of probation because the evidence failed to establish that he committed the offense of DUI or that he used an intoxicant to excess. Specifically, he contends that Officer Barber's recollection of the events cannot be trusted because he could recall "only bits and pieces" of the actual stop and was forced to rely on what the defendant terms "incomplete" notes. Contrarily, the defendant contends that his recollection "was still reasonably fresh" because of the impact he suffered from the event. He argues that his honesty and forthcomingness in admitting to consuming one alcoholic beverage should "add[] credibility" to his statements, particularly his statement that he had a drink but that "he limited his ingestion and had ample time for his body to process the consumed alcohol."

The defendant also points out that Officer Barber was not aware of the defendant's usual demeanor, did not ask if the defendant had any medical conditions, and failed to specify whether the defendant was operating the car in an erratic manner which would suggest intoxication.

A reading of this argument leads to the conclusion that the defendant's entire argument is nothing more than a challenge to the credibility of Officer Barber's testimony. In fact, he acknowledges that his argument is "grounded in credibility," but he contends that "Officer Barber's spotty recollection of the stop stacked against [the defendant's] spot-on memories preponderate the trial court's abuse of discretion in this matter and warrant that he remain on probation." This argument must be rejected.

As has been held on numerous occasions, it is not the province of this court to re-weigh or reevaluate credibility determinations made by the trier of fact. *See Mitchell*, 810 S.W.3d at 375. In this case, the trial court accredited the testimony of Officer Barber. On this record, that decision was not an abuse of discretion. His failure to recall specific details does not negate his entire testimony of what he did recall or record in his notes.

Officer Barber testified that the defendant ran a stop sign with his car on a roadway and, during the process of pulling over, nearly ran over a curb. He testified that the defendant's eyes were bloodshot, that his speech was slurred, and that he was unsteady on his feet. Officer Barber stated that the defendant performed poorly on the field sobriety tests as well. Additionally, the defendant acknowledged consuming some alcohol and was in possession of a half-empty bottle of tequila. This evidence more than supports a finding, by a preponderance of the evidence, that the defendant committed the criminal act of DUI and also consumed an intoxicant to excess. As such, there was no abuse of discretion in the trial

court's decision to revoke based upon a violation of these rules.

## 2. Payment of Costs and Fines

The defendant also argues that the evidence in the record is insufficient to support the trial court's finding that he violated his probationary terms by failing to pay fines and costs. He contends that the trial court made the finding with no investigation or proof regarding the defendant's willfullness of nonpayment.

The defendant is correct that the Tennessee Supreme Court has held that a finding of willfullness is required if the revocation of probation is based upon a failure to pay costs. *State v. Dye*, 715 S.W.2d 36, 40 (Tenn. 1986). The court stated that "[i]n revocation proceedings for failure to pay a fine or restitution, a sentencing court must inquire into the reasons for the failure to pay." *Id*. at 40. The court may revoke probation on this ground only after concluding that the defendant willfully failed to pay or failed to make a bona fide effort to pay. *Id*. If the trial court fails to make the proper inquiries, then fundamental fairness requires that the defendant remain on probation. *Id*.

However, the defendant's argument ignores holdings by this court that willfullness need not be shown when the defendant violates other material terms of probation as well. *State v. David Houston Greene*, No. E2010-02495-CCA-R3-CD, 2011 Tenn. Crim. App. LEXIS 850, *8 (Tenn. Crim. App. Nov. 18, 2011); *State v. Julia Mosley*, No. E2004-01787-CCA-R3-CD, 2005 Tenn. Crim. App. LEXIS 330 (Tenn. Crim. App. Apr. 8, 2005).

We further agree with the defendant that the trial court did enumerate the failure to pay fines and costs as one of the ways the defendant violated his probation. The record contains no specific statements by the trial court as to whether the defendant had the ability to comply with the rule. However, as pointed out by the State, the defendant testified that he did not have the ability to pay prior to his arrest. There was also evidence presented of the defendant's employment and his child support arrearages. The court implicitly rejected that statement as evidenced by its findings. Again, credibility findings made by a trial court are not disturbed on appeal.

Regardless of any error or lack of clarity in the record, the defendant is not entitled to be returned to probation because the court based its decision to revoke on other violations as well. As previously determined, sufficient evidence supports the trial court's findings in regard to those violations. As such, no relief is warranted.

**CONCLUSION**

Based upon the foregoing, the revocation of the defendant's probation is affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE